Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, New York 11235
Tel.: (718) 513-3145

Presentment Date:
**October 22, 2025 at 3:00 PM**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
In re:

Michael Novakhov,

Debtor.
---------------------------------------------------X

Case No: 1-25-40073-JMM
Chapter 11

**NOTICE OF PRESENTMENT OF MOTION FOR AN ORDER PURSUANT TO SECTIONS 327, 330 AND 331 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO EMPLOY ESTELLE MILLER AS ACCOUNTANT FOR THE DEBTOR**

**PLEASE TAKE NOTICE**, that upon the annexed Motion and Order authorizing the Debtor in possession to employ and compensate Estelle Miller as Accountant for the Debtor ( the "Motion and Order") will present to the Honorable Jil Mazer-Marino, United States Bankruptcy Judge for the Eastern District of New York – Brooklyn Division, 271-C Cadman Plaza East - Suite 3529, Brooklyn, NY 11201 (the "Bankruptcy Court"), for signature on **October 22, 2025 at 3:00 PM.** (the "**Presentment Date**").

**PLEASE TAKE FURTHER NOTICE**, objections or other responses, if any, to approve a Stipulation and Order must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the counsel for the Debtors, Law Offices of Alla Kachan, P.C. 2799 Coney Island Avenue, Suite 202, Brooklyn, NY 11235, and the United States Trustee's Office, Eastern District of New York, U.S. Federal Office Building, One Bowling Green Room 510, New York, New York 10004 so as to be received at least **7 days**

prior to the date set for the presentment of the proposed Order.

**PLEASE TAKE FURTHER NOTICE**, that if no responses or objections are received the Motion may be approved without further notice or a hearing. If an objection has been timely filed, the court will notify the moving and objecting parties of the date and time of the hearing.

DATED: Brooklyn, New York

September 16, 2025

*/s/ Alla Kachan,*
Alla Kachan, Esq
Law Offices of Alla Kachan
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

Michael Novakhov,

Debtor.
-----------------------------------------------------X

Case No: 1-25-40073-JMM
Chapter 11

**APPLICATION**

This application, filed by the Debtor,
Seeks to retain Accountant for the Debtor.

**TO THE HONORABLE JIL MAZER-MARINO**
**UNITED STATES BANKRUPTCY JUDGE:**

Michael Novakhov., Debtor in Possession, (sometimes referred to as the "Debtor"), represent:

1. Debtor requests that this Court enter an order, pursuant to 11 U.S.C. § 327, authorizing Debtor to retain the firm of Estelle Miller as his accountant in this case.

**BACKGROUND**

2. Debtor commenced the bankruptcy case with the filing of a voluntary petition under chapter 11 on January 7, 2025. See Voluntary Petition, ECF Doc. No. 1.

3. Debtor has continued in the possession of its property as debtor in possession, pursuant to 11 U.S.C. §§1108 and 1109.

4. No committee of unsecured creditors has been appointed in this case.

5. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

6. This matter is a "core proceeding" as that term is defined by 28 U.S.C. §157.

7. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. §

1408.

**APPLICATION TO RETAIN ESTELLE MILLER**

8. Debtor desires to retain Estelle Miller as his accountant.

9. Debtor believes that Estelle Miller is well versed in the matters on which it is to be retained and is qualified to perform the services needed by Debtor in this case, including the preparation of monthly operating reports.

10. After conferring with Estelle Miller., the Debtor believes that Estelle Miller., does not hold or represent an adverse interest to the estate, and is a disinterested person, as that term is defined in 11 U. S. C. §101(14).

**SERVICES TO BE RENDERED**

11. Debtor believes it is necessary to retain Estelle Miller to render the following services:

A) gather and verify all pertinent information required to compile and prepare monthly operating reports;

B) prepare monthly operating reports for the debtor in Bankruptcy Case: 25-40073-JMM

**TERMS OF RETENTION**

12. Debtor and Estelle Miller agreed to the following terms for Estelle Miller compensation.

14. The preparation of operating reports, reviewing of bank statements, consulting and reviewing of all Debtor's financial documents becomes available for the case will be billed at rate of $200.00 per report. The expected estimate monthly cost of services is $200.00.

15. Estelle Miller anticipates that its billing rate will remain constant during the pendency of this bankruptcy case for the services rendered.

16. Estelle Miller shall also request reimbursement, if any, for its disbursements incidental

to its rendering services to Debtor in this case.

17. Estelle Miller received an initial retainer fee in the amount of $2,000.00 from the Debtor. (Please see **Exhibit A**, engagement letter dated January 7, 2025). The expected estimate monthly cost of services is $200.00.

18. In the future, Estelle Miller shall make applications for the payment and allowance of fees and disbursements, pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.

19. Estelle Miller does not have an agreement with another party wherein which it intends to share fees with another party.

20. No prior application has been made for the relief sought herein.

**WHEREFORE**, it is respectfully requested that an order be entered authorizing the retention of Estelle Miller as the Debtor's accountants herein, pursuant to the terms stated herein, together with such other and further relief as this Court deems proper.

Dated: Brooklyn, New York
September 16, 2025

*<u>/s/ Michael Novakhov</u>*
Michael Novakhov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

Michael Novakhov,

Debtor.
-----------------------------------------------------X

Case No: 1-25-40073-JMM
Chapter 11

## AFFIDAVIT OF DISINTERESTEDNESS OF ACCOUNTANT

Estelle Miller, being duly sworn, hereby deposes and says as follows:

1. I am a certified public accountant.

2. I submit this affidavit in support of the application of Michael Novakhov, the Debtor-in-Possession (hereinafter, "DIP") in the above-captioned chapter 11 case for an Order authorizing the employment of Estelle Miller as accountant and business advisors under the terms set forth in the Application. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. In connection with the preparation of this Affidavit, Estelle Miller. conducted a review of its contacts with the DIP, its non-debtor affiliates, and certain entities holding claims against interests in the DIP that were made reasonably known to Estelle Miller

4. Estelle Miller review consisted of a query of creditors of DIP against a database containing the names of individuals and entities represented by Estelle Miller

5. Based on the results of its review, Estelle Miller does not have an active relationship with any of the parties holding claims against the interests of the DIP.

6. Estelle Miller does not believe it is a creditor of DIP within the meaning of section 101(10) of the Bankruptcy Code. Further, neither I nor any member of the Estelle Miller engagement serving the DIP, to the best of my knowledge, is a holder of any of the DIP' debt or equity.

7. To the best of my knowledge, no employee of Estelle Miller is a relative of, or has been connected with, any judge of the bankruptcy court for this district, the United States Trustee in this

district or any employee of the office of the United States Trustee in this district.

8. To the best of my knowledge, Estelle Miller is a disinterested entity as that term is defined in section 101(14) of the Bankruptcy Code in that Estelle Miller.:

a. is not a creditor, equity security holder, or insider of the DIP;

b. was not, within two years before the date of the filing of the DIP' chapter 11 petition, a director, officer, or employee of the DIP; and

c. does not have an interest materially adverse to the interest of the DIP estate or of any class of creditors or equity security holders.

9. In addition, to the best of my knowledge and based upon the results of the search described above and disclosed herein, Estelle Miller neither holds nor represents an interest adverse to DIP.

10. It is Estelle Miller's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, Estelle Miller will promptly file a supplemental affidavit pursuant to Fed. R. Bankr. P. 2014.

11. Estelle Miller does not have any agreements with any other parties to share fees earned as a result of services rendered in this matter.

12. Estelle Miller has received an initial retainer fee from the Debtor in the amount of $2,000.00. (Please see **Exhibit A**, engagement letter dated January 7, 2025). The expected estimate monthly cost of services is $200.00.

13. Estelle Miller disclosed that they reviewed the Debtor's books and records as part of their initial review of the case and for the purpose of a conflict check.

Dated: Brooklyn, New York
September 16, 2025

*/s/ Estelle Miller*
Estelle Miller, CPA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
In re:

Michael Novakhov,

Case No: 1-25-40073-JMM
Chapter 11

Debtor.
---------------------------------------------------X

**ORDER GRANTING THE DEBTOR'S APPLICATION TO AUTHORIZE EMPLOYMENT OF ACCOUNTANT**

Upon the annexed motion of the above-named Debtor and Debtor-in-Possession (hereinafter, "Debtor"), the declaration of Estelle Miller, dated September 16, 2025 (the "Miller Declaration"), the "no-objection" of the Office of the United States Trustee;

And it appearing that the employment of Estelle Miller as accountant for Debtor is in the best interests of Debtor's estates;

And it appearing that no further notice is required, and no adverse interest being represented;

And sufficient cause appearing therefore; it is

**ORDERED** that pursuant to section 327(a) and Bankruptcy Rule 2014, Debtor be and hereby is authorized to employ Estelle Miller as its accountants in this case effective as of the petition date, to render the services described in the within motion and Miller Declaration; and it is further

**ORDERED**, that pursuant to section 327(a), Estelle Miller shall seek compensation upon application, notice and a hearing for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rule 2014, E.D.N.Y.L.B.R. 2014-1,, the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York, and the United States Trustee Fee Guidelines; and it is further

**ORDERED,** that to the extent the provisions in the engagement letter are inconsistent with the order of retention, the order will govern; and it is further

**ORDERED**, that ten business days' notice must be provided by Estelle Miller to the Debtor,

the Official Committee of Unsecured Creditors and the United States Trustee prior to any increases in Estelle Miller rates for any individual providing services to the Debtor, and such notice must be filed with the Court. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

**ORDERED**, that Estelle Miller is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

# EXHIBIT A

ESTELLE MILLER
CERTIFIED PUBLIC ACCOUNTANT
(347) 570-7002
estellemillercpa@gmail.com

January 07, 2025

Michael Novakhov
119 Norfolk Street #1
Brooklyn, NY 11235

Dear Mr. Novakhov:

You have requested that I, Estelle Miller, be the accountant for your Chapter 11 bankruptcy case. I am pleased to confirm my acceptance and my understanding of this engagement by means of this letter.

**Objectives**

The objective of this case is to provide the following services:

1. Gathering all information necessary in order to prepare monthly operating reports
2. Preparation and review of monthly operating reports

**Accountant Responsibilities**

I will prepare monthly operating reports for you while the case is active using bank statements provided by you and provide them to the debtor and the attorney by the 20th of every month. I will exercise my professional judgement and maintain professional skepticism throughout the case and respond to any inquiries and/or questions in respect to these transactions.

**Client Responsibilities**

Your job is to provide me with the monthly bank statements by the end of the first week of each month in order to file the reports in a timely manner.

**Fees**

I will require a $2,000 retainer in order to begin the case. The monthly reports will be calculated at $200/report, and I will seek court approval for the additional retainer once the initial retainer is expended.

In connection with this engagement, I may communicate with you or others via email transmission. I will take reasonable measures to secure your confidential information in our email transmissions. However, as email can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom it is directed and only to such parties, I cannot guarantee or warrant that email from me will be properly delivered and read only by the addressee. Therefore, I specifically disclaim and waive any liability or responsibility whatsoever for interception or unintentional disclosure or communication of email transmissions. In that regard, you agree that I shall have no liability for any loss or damage from the use of email transmissions.

I appreciate the opportunity to be of service to your company and believe this letter accurately summarizes the significant terms of our engagement. If you have any questions, please let me know. If you agree with the terms of my engagement as described in this letter, please sign the enclosed copy and return it to me.

ESTELLE MILLER
CERTIFIED PUBLIC ACCOUNTANT
(347) 570-7002
estellemillercpa@gmail.com

Very truly yours,

Estelle Miller

Estelle Miller, CPA

Approval:

Michael Novakhov

01/07/2025

Date